(No. 39912.—

G. R. COMPANY, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(Millie L. Staninger, Appellee.)

*Opinion filed December 1, 1966.*

McGAUHEY & McGAUHEY and WALKER J. HENRY, both of Lawrenceville, for appellant.

R. S. SIMPSON, of Lawrenceville, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

An arbitrator of the Industrial Commission awarded compensation to the claimant, Millie L. Staninger, against two Illinois corporations, G. R. Company, and Green Room, Incorporated. The commission confirmed the award, and on review sought by G. R. Company, the circuit court of Lawrence County affirmed. G. R. Company has appealed. Green Room, Incorporated, has not sought to review the commission's award.

It is undisputed that on April 22, 1962, the claimant was injured in the course of her employment as a waitress in the Green Room, a tavern in Lawrenceville, Illinois. The amount of the award is not challenged. The only question is whether the G. R. Company was her employer. That company operated the Green Room tavern prior to November 8, 1961. On that date, a new corporation, Green Room, Incorporated, was issued a certificate of incorporation. Alfred Coffey was the registered agent for both corporations and the registered office of both was 1121 State Street, Lawrenceville, which is the address of the Green Room tavern. Coffey was apparently the principal executive officer of both corporations. The stock ownership is not shown in the record. The corporate purposes of the two corporations are identical, and embrace the restaurant and tavern business and the oil and gas business.

Coffey testified that on November 8, 1961, the Green Room tavern was sold to Green Room, Incorporated, which never engaged in any business other than the operation of the Green Room tavern. He also testified that both before and after it sold the Green Room tavern, the G. R. Company was engaged in the business of operating oil and gas properties.

The original claim named the G. R. Company as respondent. At the outset of the hearing before the arbitrator, the attorney for the G. R. Company refused to stipulate that the relation of employer and employee existed between that company and the claimant. At the conclusion of the hearing

the claimant was granted leave to amend her complaint by adding Green Room, Incorporated, as a second respondent, on the ground that she did not know, nor was it possible for her to determine, which of the two corporations was her employer.

The claimant testified that she "was contacted" to go to work at the tavern three days before her injury by John W. Hartz the bartender. Hartz testified that he did not know who was the owner of the Green Room tavern; but "I knew who I worked for. Mr. Coffey's name was on the check." He later testified, however, that his checks were signed by T. W. Coffey, who is Alfred Coffey's wife. Alfred Coffey testified that during the month of April, 1962, employees of the tavern were paid with checks which bear the legend "Green Room, Inc." in large letters in the center at the top of the check, and the same legend in smaller type just above the signature. Such a blank check was received in evidence, and Coffey testified, "It is the type of check we have used in the Green Room since we have operated it." The check by which the claimant was actually paid was not such a check. "Green Room" was printed in large capital letters in the upper left quadrant of that check. In the center, in smaller type, "G. R. Company, Inc." had been printed but was x-ed out. Immediately above the signature, the legend, "Green Room—G. R. Company, Inc." appeared in small type, and again "G. R. Company, Inc." was x-ed out. Coffey testified that his wife, T. W. Coffey, who signed the check, was the treasurer of Green Room, Inc., and that she had no authority to sign checks drawn on G. R. Company.

In our opinion, the commission's determination that the claimant was an employee of G. R. Company was against the weight of the evidence. There is no solid evidence from any source to support such a determination. It is true that the best evidence of the sale of the tavern from G. R. Company to Green Room, Inc. was not produced, but the testimony as to that transaction was received without objection. It is

also true that the role of Green Room, Inc. was not disclosed until two days more than one year had elapsed from the date of the injury.

But it is only by attenuated inference from Coffey's erroneous testimony as to the form of check used to pay tavern employees in 1962, and from the x-ed out markings on the check with which the claimant was paid, that the award against the respondent finds any support. The latter check was signed by T. W. Coffey, and the testimony that she was not authorized to sign checks for G. R. Company was not disputed.

The judgment of the circuit court of Lawrence County is reversed, and the award of the commission is set aside.

*Judgment reversed; award set aside.*